IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cr-00116-MR-WCM

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| STEVEN MCCLAIN JAMERSON | ) | |
| _____ | ) | |

This matter is before the Court on the "Government's Motion for An Order for Custodian Connie Jamerson to Show Cause Why She Should Not Be Held in Criminal Contempt" (the "Motion to Show Cause," Doc. 39).

In the Motion to Show Cause, the Government states that Ms. Jamerson did not fulfill her obligations as the third-party custodian of Steven McClain Jamerson ("Defendant") by failing to timely notify the Court of: 1) Defendant's flight from law enforcement after he failed to self-surrender to serve a sentence on March 26, 2024; 2) Defendant's illegal use of drugs on Ms. Jamerson's property while he was under conditions of release; and 3) Defendant's absences from Ms. Jamerson's supervision.

Having reviewed the Motion to Show Cause and the Court file, the undersigned concludes that Ms. Jamerson should be informed of her rights, including the right to counsel. See e.g., United States v. Mosby, No. 22-CR-00007-LKG, 2023 WL 200282, at *4 (D. Md. Jan. 17, 2023) ("Because criminal contempt is a crime, penalties for criminal contempt may not be imposed on

1

someone who has not been afforded the protections that the Constitution requires for such criminal proceedings, including being informed of the right to counsel.").

Accordingly, Ms. Jamerson is **HEREBY ADVISED** that: 1) the Government has filed a motion asking that she be required to show cause why she should not be held in criminal contempt for willfully ignoring her obligations as Defendant's third-party custodian; 2) she has a right to be heard with respect to the Government's request; 3) she has the right to remain silent when questioned about her alleged conduct and that anything she may say about her alleged conduct may be held against her by the Government; and 4) she has the right to be represented by counsel in connection with the Government's request. Specifically in that regard, she may retain an attorney or ask that counsel be appointed for her at no cost to herself if she is financially unable to retain counsel. Alternatively, she may represent herself if she knowingly, intelligently, and voluntarily waives her right to counsel. Ms. Jamerson is further advised that if she wishes to seek appointed counsel, she should contact the Federal Defender's Office in this district forthwith.

Any filings relative to the issue of Ms. Jamerson's representation shall be made on or before **July 12, 2024**. Such filings may include a notice of appearance by any retained counsel for Ms. Jamerson, a request for the appointment of counsel by the Federal Defender's Office on Ms. Jamerson's

behalf,[1] or a notice filed by Ms. Jamerson indicating that she wishes to represent herself.

The Clerk is **RESPECTFULLY DIRECTED** to send a copy of the Government's Motion to Show Cause and this Order to Ms. Jamerson and to the Federal Defender's Office.

It is so ordered.

Signed: June 25, 2024

W. Carleton Metcalf
United States Magistrate Judge

---

[1] Any supporting financial affidavit may be submitted *ex parte* in the usual course.